# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* https://www.ca9.uscourts.gov/forms/form07instructions.pdf

**9th Cir. Case Number(s)** | 26-604

**Case Name** | Seattle Pacific University v. Brown

**Counsel submitting this form** | Lori Windham, Counsel for Plaintiff-Appellant

**Represented party/parties** | Seattle Pacific University

*Briefly describe the dispute that gave rise to this lawsuit.*

Seattle Pacific University (SPU) brought a pre-enforcement challenge to the application of the Washington Law Against Discrimination (WLAD). SPU claims that the application of the WLAD to its religious employment practices violates its rights under the First Amendment to the United States Constitution.

SPU is a Christian university that holds sincere religious beliefs regarding sexuality and marriage. SPU requires all permanent, non-student employees to affirm a statement of faith and to abide by lifestyle standards consistent with its religious beliefs. SPU is permitted to have these employment policies under Title VII and, until recently, under the WLAD. The WLAD facially exempts religious organizations such as SPU from its prohibition on sexual orientation discrimination in employment. But the Washington Supreme Court invalidated much of this exemption under the state constitution in Woods v. Seattle's Union Gospel Mission, 481 P.3d 1060 (Wash. 2021), leaving religious non-profits subject to the WLAD except as to "ministers" under the First Amendment's "ministerial exception."

SPU's longstanding policies have recently led to disagreement and protests within the university community. Some of those protesters complained to the Attorney General about SPU's religious policies. In June 2022, the Attorney General sent a letter to SPU announcing a probe into whether SPU discriminates based on sexual orientation in its hiring contrary to the WLAD and demanding production of voluminous and sensitive internal information.

SPU sued the Attorney General, seeking declaratory and injunctive relief under the First Amendment against the application of the WLAD to SPU's religious employment policies.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7** | *Rev. 09/01/22*

*Briefly describe the result below and the main issues on appeal.*

The district court (W.D. Wash., Rothstein, J.) granted the Attorney General's motion for summary judgment seeking to dismiss the case for lack of jurisdiction. The court held that SPU lacked standing because, in its view, (1) SPU "ha[d] not taken actions in accordance with its lifestyle expectations policy that resulted in violations of the WLAD" and (2) because the Attorney General announced for the first time in its summary judgment papers that it had closed its investigation into SPU's employment practices.

The main issues on appeal are whether the district court erred in holding that SPU lacked standing and whether SPU is entitled to a permanent injunction.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

None.

**Signature** s/ Lori H. Windham          **Date** 2/2/2026

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**                                                              *Rev. 09/01/22*

2