No. 26-604

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

SEATTLE PACIFIC UNIVERSITY,

Plaintiff-Appellant,

v.

NICHOLAS W. BROWN,
in his official capacity as Attorney General of Washington,

Defendant-Appellee.

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE
No. 3:22-cv-05540-BJR
The Honorable Barbara J. Rothstein
United States District Court Judge

## APPELLEE'S RESPONSE TO APPELLANT'S MOTION TO HOLD
## APPEAL IN ABEYANCE

NICHOLAS W. BROWN
Attorney General

DANIEL J. JEON, WSBA No. 58087
MAY CHE, WSBA No. 62261
Assistant Attorneys General
Wing Luke Civil Rights Division
Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

## I.    INTRODUCTION

Discovery revealed that Seattle Pacific University (SPU) challenges a law that it never violated, has no concrete plan to violate, and it offers no proof that it will violate it in the future. The district court relied on that evidence and settled U.S. Supreme Court and Circuit precedent to hold at summary judgment that SPU falls short of its Article III duty to present a constitutionally ripe controversy. SPU appealed, but now asks this Court to hold its appeal in abeyance until the en banc proceeding is completed in *Union Gospel Mission of Yakima v. Brown* (*UGM*), 162 F.4th 1190 (9th Cir. 2026). But that case was about whether this Court should affirm a preliminary injunction that addressed the merits of the legal claims and was issued before any discovery was taken. Nothing about this Court's decision in *UGM* affects the district court's reasoning in this matter, which considered ten years of information obtained in discovery to decide a threshold jurisdictional issue. SPU's request to delay this appeal pending the decision of another case in a different procedural posture should be denied.

## II.    FACTUAL BACKGROUND

The Washington Law Against Discrimination (WLAD) prohibits sexual orientation discrimination in employment. The Washington Supreme Court held in 2014 that this provision applies to religious employers in certain contexts.

1

*Ockletree v. Franciscan Health System*, 317 P.3d 1009 (Wash. 2014); *see also Woods v. Seattle's Union Gospel Mission*, 481 P.3d 1060, 1069 (Wash. 2021).

Following news coverage and hundreds of complaints regarding SPU's employment practices, the Washington State Attorney General's Office (AGO) sent a letter to SPU requesting information about its employment practices. *Seattle Pac. Univ. v. Brown*, No. 22-cv-5540-BJR, 2025 WL 3687716, at *1 (W.D. Wash. Dec. 19, 2025). The letter made clear that the AGO had "not made any determination as to whether the University has violated any law" and threatened no consequences for not responding to the letter. *Id.*

In response, SPU filed this lawsuit against the Washington Attorney General in May 2022, alleging that the AGO's letter and inquiry into its employment practices, and any future enforcement of the WLAD, violates its First Amendment rights. The district court granted the AGO's motion to dismiss on standing grounds. *Seattle Pac. Univ. v. Ferguson* (*SPU*), 104 F.4th 50, 55 (9th Cir. 2024).

SPU appealed and this Court affirmed in part and reversed in part. *Id.* It held that SPU's eleven First Amendment claims fall into two types of injury: "Retrospective claims," for the claims alleging injury based on the AGO's investigation of SPU; and "prospective pre-enforcement claims," for injury based on the "impending enforcement of the WLAD." *Id.* at 56.

This Court affirmed the dismissal of SPU's retrospective claims, holding that there is no First Amendment injury when the government had simply inquired into "*which* employees are ministerial." *Id.* at 58.

This Court reversed the dismissal of SPU's prospective claims. It held that at the motion to dismiss stage, SPU had sufficiently alleged pre-enforcement standing for injuries based on "impending enforcement of the WLAD." *Id.* at 56, 59. At the pleadings stage prior to discovery, SPU had "evidenced a sufficient intention" to engage in conduct affected by a constitutional interest as required for pre-enforcement standing. *Id.* The court explained that while "some [Ninth Circuit] precedents suggest that pre-enforcement standing requires the 'when, to whom, where, or under what circumstances' the plaintiff plans to violate the law," the requisite level of detail is "relaxed" when "a plaintiff has previously engaged in conduct that would violate the challenged law." *Id.* (citations omitted). Because SPU's allegations as pled "evidenced a sufficient intention to continue its employment practices," those pre-enforcement claims could move forward. *Id.* at 59. The case was remanded back to the district court for further proceedings.

Following discovery, the parties filed cross-motions for summary judgment. The AGO argued that the case was not ripe because, based on the evidence revealed through discovery, (1) SPU has no coherent employment policy regarding its employees' sexual orientation because SPU officials

disagree about what the policy requires; (2) SPU has never taken adverse action that would violate the WLAD based on its alleged policy; (3) SPU has experienced no self-censoring or chill because of the WLAD; (4) any hypothetical enforcement of the WLAD relies on a highly attenuated chain of speculative events; and (5) there is no history of past enforcement of the WLAD in the manner that SPU fears. Def.'s Mot. Summ. J. 5–17, *Brown*, 2025 WL 3687716, Dkt. No. 73. The AGO also explained that, based on the ten years of information obtained in discovery, "the AGO closed the inquiry and will not file suit against SPU seeking to enforce the Washington Law Against Discrimination related to SPU's use of its statement of faith or employee conduct standards." Melody Decl. ¶ 6, *Brown*, 2025 WL 3687716, Dkt. No. 75.

SPU did not proffer evidence of ripeness in its motion for summary judgment and opposition to the AGO's motion, and instead argued its case is not moot and is prudentially ripe. Pl.'s Mot. Summ. J. & Br. Opp'n 9–13, *Brown*, 2025 WL 3687716, Dkt. No. 79. On reply, SPU argued that its claims were ripe, arguing that "the AGO relies on its post-discovery closure of the investigation." Pl.'s Reply Mot. Summ. J. 1–3, *Brown*, 2025 WL 3687716, Dkt. No. 83.

The district court granted the AGO's motion for summary judgment for lack of jurisdiction. *Brown*, 2025 WL 3687716, at *7. Relying on precedent from this Court and the U.S. Supreme Court, the district court explained that "[a]t summary judgment, a plaintiff must set forth by affidavit or other evidence

4

specific facts to establish standing." *Id.* at *3 (cleaned up) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992), Fed. R. Civ. P. 56(e), and *Jones v. L.A. Cent. Plaza LLC*, 74 F.4th 1053, 1058 (9th Cir. 2023)). Based on the evidence proffered by the parties, the district court ruled that "the University implements its 'policy' inconsistently, it has not changed how it conducts its interviews as a result of the WLAD, hiring managers cannot identify any instance where they took adverse action against gay applicants, and the University does not identify a single incident" of violating the WLAD. *Id.* at *6 (citing AGO's motion for summary judgment and exhibits). Thus, "[a]lthough the University sufficiently demonstrated standing at the pleadings stage, it has failed to submit evidence that raises a material question of fact regarding whether it faces 'a realistic danger of sustaining a direct injury' as a result of the WLAD's operation or enforcement." *Id.* at *7; *see also id.* at *5 (noting SPU's proffered evidence does not support its claims).

Following the district court's grant of summary judgment to the AGO, this Court issued its opinion in *Union Gospel Mission of Yakima v. Brown*, 162 F.4th 1190 (9th Cir. 2026). That case involved an appeal from the district court's grant of a preliminary injunction against the AGO, preventing it from enforcing the WLAD against a religious organization's preference to hire only those who agree with its religious tenets. *Id.* at 1199. In that case, the district court had ruled that the WLAD was not neutral or generally applicable, reasoning that because the

WLAD exempts employers with fewer than eight employees, any enforcement would violate the First Amendment because it did not also exempt religious employers. *Union Gospel Mission of Yakima v. Ferguson*, No. 1:23-cv-3027-MKD, 2024 WL 4660918 (E.D. Wash. Nov. 1, 2024). This Court did not address the district court's reasoning and affirmed the preliminary injunction on different grounds, holding that a religious organization's hiring practices for all employees constitute an "internal management decision" protected by the First Amendment. *UGM*, 162 F.4th at 1203.

The Court in *UGM* also addressed mootness. The AGO disavowed enforcement of the WLAD with respect to the two positions that UGM detailed in its complaint, and this Court held that such disavowal does not render the case moot because it "only covers two positions" when UGM had explained that it needed to hire for many others. *Id.* at 1200. Consequently, the Court held that UGM still faced a threat of enforcement. *Id.*

Following this Court's decision in *UGM*, SPU filed its notice of appeal in this case. In *UGM*, the AGO filed a petition for rehearing or rehearing en banc, the Court called for a response, and that response was filed. As of this filing, the petition for rehearing or rehearing en banc *UGM* remains pending.

SPU's Opening Brief is currently due April 9, 2026, following its streamlined extension of time. SPU filed a motion seeking an additional 30-day extension, and the AGO takes no position on that motion. That motion to extend

6

the deadline to file the Opening Brief and Excerpts of Record to May 11, 2026, remains pending.

### III.   ARGUMENT

As the district court explained, "[a]t summary judgment, the Court has the benefit of evidence (rather than allegations) to assist its determination of whether there was a true 'case or controversy' *when the lawsuit was filed*." *Brown*, 2025 WL 3687716 at *6 (emphasis added). Based on the evidence presented, the district court determined that SPU does not bring a justiciable pre-enforcement claim when it cannot identify a single instance of violating the challenged law in the past, it has not changed any of its conduct in any manner because of the challenged law, and it has no consistent policy that it claims is impacted. *Id.* Whether the district court erred in requiring a pre-enforcement plaintiff to demonstrate Article III ripeness at summary judgment—which SPU does not dispute it must—is far afield from the questions presented in *UGM*. Given the differences in issues and postures between *SPU* and *UGM*, this Court, the AGO, and SPU do not conserve resources in allowing this lawsuit to linger. This Court should allow this appeal to proceed as scheduled to resolve allegations SPU made nearly four years ago.

SPU argues *UGM* controls this appeal because (1) standing is at the commencement of the litigation and the AGO's disavowal is related to mootness, and (2) the disavowal in UGM "parallels the disavowal" in this appeal and was

insufficient. SPU's Motion to Hold Appeal in Abeyance 3–4, Dkt. 10.1 (Motion). These arguments ignore the bulk of the district court's holding and SPU's obligation to present a justiciable case at summary judgment. Put another way, even if *UGM* were to ultimately hold that any disavowal is categorically analyzed under mootness, SPU must *still* present a constitutionally ripe controversy at summary judgment. *See Lujan*, 504 U.S. at 561 ("[E]ach element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.,* with the manner and degree of evidence required at the successive stages of the litigation."); *Jones*, 74 F.4th at 1058 ("'[A]t the summary judgment stage, a plaintiff must offer evidence and specific facts demonstrating each element' of Article III standing." (quoting *Ctr. for Biological Diversity v. Exp.-Imp. Bank*, 894 F.3d 1005, 1012 (9th Cir. 2018))). This Court's review of whether SPU meets its Article III burden will be unaffected by the holding in *UGM*.

In any event, SPU's arguments miss the mark. The district court expressly acknowledged that ripeness turns on when the lawsuit was filed. *SPU*, 2025 WL 3687716 at *6. Contrary to SPU's claim that the district court "accepted" the AGO's "misstep" regarding its disavowal, Motion at 4, the district court held that this case was not ripe based on a mountain of evidence that SPU did not satisfy pre-enforcement standing under U.S. Supreme Court and this Court's precedent. *See Brown*, 2025 WL 3687716, at *5–7. The district court held that

8

"the University fails to provide convincing evidence to support its statement that it has violated the law or has a concrete plan to violate the law." *Id.* at *6. It so held because "the University implements its 'policy' inconsistently, it has not changed how it conducts its interviews as a result of the WLAD, hiring managers cannot identify any instance where they took adverse action against gay applicants, and the University does not identify a single incident where adverse action was taken against a non-ministerial employee because of their sexual orientation or sexual conduct." *Id.* (citing AGO's motion for summary judgment and exhibits). The district court also looked to SPU's failure to proffer any evidence to the contrary. *Id.* at *3 ("Confusingly, rather than presenting evidence to satisfy its burden on summary judgment, the University argues that the Ninth Circuit already held that the University has standing."); *id.* at *5 (noting SPU's evidence "does not entirely support [its] contentions"). The district court's holding that SPU fails its Article III burden does not turn on the AGO's disavowal.

The district court did consider the AGO's disavowal in assessing whether SPU faced "'a specific warning or threat to initiate proceedings.'" *Id.* at *6 (citing *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000)). As the district court noted, this Court has held that the government's failure to disavow may lend weight to a credible fear of enforcement. *Id.* (citing *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1155 (9th Cir. 2000)). In assessing whether

SPU faces a credible fear of enforcement, the district court looked to the AGO's letter to SPU requesting information about its employment practices and its subsequent closure of the investigation. *Id.*

But the AGO's disavowal had little impact on the district court's reasoning. In assessing whether SPU brought a ripe pre-enforcement claim, "the Court observes that the AGO's letter represented a specific warning or threat of litigation at the time the University filed its lawsuit." *Id.* at *7. But "the evidence presented to the Court on summary judgment does not reveal an injury, such as showing that the AGO's letter had a chilling effect that caused the University to censor itself or modify its practices," and SPU does not bring a justiciable claim. *Id.* None of that contradicts this Court's holding in *UGM*, where it assessed the AGO's disavowal in the context of whether to award a preliminary injunction.

Finally, SPU argues that *UGM*'s ultimate holding regarding the breadth of the First Amendment separately warrants abeyance. Motion at 5. But this appeal centers on whether SPU brought a ripe claim, not the merits of its First Amendment arguments. *See Vestron, Inc. v. Home Box Off., Inc.*, 839 F.2d 1380, 1381 (9th Cir. 1988) ("Because the district court dismissed the action before reaching the merits, our review is confined to the jurisdictional issue."). As this Court has repeatedly held, justiciability "'in no way depends on the merits' of th[e] claims" that SPU brings. *Tingley v. Ferguson*, 47 F.4th 1055, 1067 (9th Cir. 2022) (quoting *Arizona v. Yellen*, 34 F.4th 841, 849 (9th Cir. 2022)).

However this Court proceeds in *UGM*, there is no basis to further delay this appeal.

## IV.   CONCLUSION

The Court should deny SPU's motion to delay this appeal.

RESPECTFULLY SUBMITTED this 24th day of March 2026.

NICHOLAS W. BROWN
Attorney General


*s/ Daniel J. Jeon*
DANIEL J. JEON, WSBA No. 58087
MAY CHE, WSBA No. 62261
Assistant Attorneys General
Wing Luke Civil Rights Division
Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744
daniel.jeon@atg.wa.gov
may.che@atg.wa.gov

11

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 27(a)(3) and Ninth Circuit Rule 27-1, I certify that the attached response is proportionately spaced, has a typeface of 14 points or more, and contains 2491 words.

DATED this 24th day of March 2026.

s/ Daniel J. Jeon
DANIEL J. JEON, WSBA No. 58087
*Assistant Attorney General*